IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

02 APR 30 AM 9: 36

| | |
|---|---|
| JOHN M. HOGLAND, } | |
| Plaintiff, } | |
| v. } | CIVIL ACTION NO. |
| } | CV-01-AR-1072-J |
| JASPER LUMBER COMPANY, INC., } | |
| Defendant. } | |

ENTERED
APR 3 0 2002

### MEMORANDUM OPINION

Defendant, Jasper Lumber Company, Inc. ("Jasper Lumber"), has filed a motion for summary judgment which necessarily argues that there are no disputes of material fact and that the complaint of John M. Hogland ("Hogland") is due to be dismissed as a matter of law. Hogland has sued Jasper Lumber, his former employer, under two separate federal employment discrimination statutes, the Family & Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). He claims both direct violations of FMLA and ADA and that he was the victim of retaliation for having asserted his rights under said statutes. Lastly, he appends an Alabama law claim, alleging retaliation for having filed a workers compensation claim.

The facts that determine the outcome of Hogland's FMLA claim are either undisputed, or, giving Hogland the benefit of all doubt, they lead inexorably to a judgment for Jasper Lumber. After having his fingers cut off while working, and having them reattached, Hogland was off work for seventeen weeks. FMLA guarantees twelve weeks of leave when the absence is caused by a serious health condition making it impossible to perform the functions of the job. Jasper Lumber has an employee handbook, the



product of a collective bargaining agreement, that gives employees up to sixty days leave under the circumstance of a disabling injury.  Hogland argues that these two leave periods are to be added together, giving him enough leave so that he did not overstay his FMLA leave of twelve weeks. He argues:

> At a minimum, a genuine dispute of fact exists for resolution by a jury as to just how defendant's leave policies work. Does an employee get sixty days plus twelve weeks of FMLA leave, as plaintiff suggests, in which case his rights under the statute were violated, or does some of the sixty days of leave count as, or toward, the twelve weeks of FMLA leave, in which case perhaps Mr. Hogland's leave had been exhausted and defendant was within its right (for purposes of FMLA consideration) to terminate him?  Only a jury can answer this question of fact, since defendant's policies are silent on this issue.

(Plaintiff's memorandum brief, at 10.)

This argument is spurious.  This is not a question of **fact**, but of **law**.  Jasper Lumber's allowing Hogland leave beyond his FMLA guarantee was not an elongation of the FMLA leave.  If Jasper Lumber violated its own employee leave policy, the appropriate remedy for that violation was the filing of a grievance under the collective bargaining agreement.  It is not a suit in this court under FMLA.  There are, or may be, other reasons why the FMLA claim must fail.  Other, alternative reasons have been well articulated in Jasper Lumber's briefs, but one reason is enough.

Insofar as retaliation is concerned, Hogland has not presented a *prima facia* case of retaliation under either FMLA or ADA.  There is simply no evidence of causation connecting any exercise of a federally protected right and Hogland's adverse employment action, including Hogland's removal from the employment rolls.  Furthermore, Jasper Lumber has articulated legitimate non-retaliatory reasons for giving up on

Hogland and Hogland has failed to show that its reasons are pretextual. Poor performance evaluation and failure of the employee to communicate are good reasons for assuming the employee was quitting.

Hogland's direct ADA claim has some of the same shortcomings that his FMLA claim has, but the clinching undisputed fact bearing on the ADA claim is Hogland's assertion that it was Jasper Lumber's alleged failure to "accommodate" him by not providing him a helper that constitutes the ADA violation.  Even if Hogland's admission that he was totally unable to work did not preclude him from invoking ADA, his employer's alleged failure to accommodate him occurred more than 180 days before he filed his EEOC charge and is therefore time-barred.

This court's usual rule when it dismisses all federal claims with prejudice is to dismiss pendent state claims without prejudice.  That course will be followed in this case.

An appropriate separate order will be entered.

DONE this ___36Th___ day of April, 2002.

                                           WILLIAM M. ACKER, JR.
                                         UNITED STATES DISTRICT JUDGE